# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

PATRICK CHANEY, INDIVIDUALLY AND                                    PLAINTIFF
BY AND THROUGH HIS NEXT FRIEND AND
NATURAL FATHER, PAT CHANEY

V.                                                          CASE NO. 2:03CV214

COLUMBUS McKINNON CORP., et al                                    DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the Court on the motion [132-1] of defendant Columbus McKinnon

Corporation for summary judgment.  The Court has reviewed the briefs and exhibits and is prepared

to rule.

The plaintiff is Patrick Chaney, a 20-year-old resident of Tallahatchie County, Mississippi

who brings this suit individually and by and through his next friend and father, Pat Chaney.  Patrick

has brought this suit alleging that the defendants are responsible for work-place injuries he suffered.

The defendants include Columbus McKinnon Corp. ("Columbus McKinnon"), apparently a New

York corporation; Lift Tech Internation, a Division of Columbus McKinnon Corp. ("Lift Tech"),

apparently a Michigan corporation; Mock, Inc. d/b/a Hi-Speed Industrial Service ("Mock"), a

Tennessee corporation; Mid-South Crane & Hoist Company, Inc. ("Mid-South"), a Tennesse

Corporation; FKI Industries, Inc. d/b/a ACCO Chain & Lifting Products Division ("FKI/ACCO"),

a foreign corporation whose principle place of business is in Pennsylvania; Cooper Tools, Inc. d/b/a

Campbell Alloy ("Cooper Tools"), a Pennsylvania corporation; and various fictitious defendants.

According to the Third Amended Complaint, Patrick was an employee of Watkins Equipment

Company, Inc. ("Watkins") under the supervision of ACI Building Systems ("ACI"), a Batesville,

Mississippi corporation and independent contractor which manufactures pre-engineered metal buildings and other steel structural supports. The main product of the plant in which Patrick worked was a type of modular building beam used in building bridges. In the factory, there was a main beam running the length of the building which is referred to as the "bridge." Attached to this bridge is a trolley which travels the length of the bridge. The trolley also has a beam set perpendicular to the bridge upon which a hoist is mounted. This mobile hoist is used to transport steel beams to different locations in the factory for different stages of the fabrication process. According to Patrick, the hoist used on the trolley at the time of the accident was manufactured and sold by "the Defendants" and it is of the model manufactured, sold and distributed by Columbus McKinnon and/or Lift Tech (which is described as a Columbus McKinnon subsidiary).

On April 1, 2002, Patrick was working at a welding table consisting of two beams which supported the beam on which the welder is working. Next to the table on the floor was another beam which was resting on the eight-inch flange on one side of the beam. This beam was sitting about four feet tall and weighed about 2000 lbs. Attached to the hoist were two sets of hooks allegedly sold, distributed and marketed by Mock and/or Mid-South and manufactured by FKI/ACCO and/or Cooper. At the end of each chain was a plate hook for use in attaching to steel plates and other similar objects in order to manipulate them with the hoist. Patrick alleges that the plate hooks contained no protective or safety device to keep them from clamping or lifting objects unintentionally. Likewise, neither the crane hoist, the crane control device, chain or hooks contained any warning or instruction on proper use.

On the day of the accident, Patrick was attempting to move the hoist/plate hook assembly away from his work station when the plate hook attached to the steel beam and pulled it over onto

his right leg, crushing it.  Patrick was later forced to have his right leg amputated just below the knee.

Patrick's employer, Watkins Equipment, paid Patrick's Workers' Compensation claim.  Patrick now

seeks damages against the defendants under a products liability theory.  His complaint raises claims

of (1) product liability: strict liability/negligence/failure to warn; (2) breach of implied warranty of

merchantability; (3) breach of implied warranty of fitness for a particular purpose, (4) negligence;

and (5) breach of warranty of good and workmanlike performance.  Patrick seeks compensatory

damages in the amount of $2 million and punitive damages in excess of $3 million.  On March 26,

2005, Columbus McKinnon filed this motion for summary judgment.

### ANALYSIS

Summary judgment is appropriate when the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine

issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P.

56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  An issue

of material fact is genuine if a reasonable jury could return a verdict for the nonmovant.  Anderson

v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).  In reviewing

the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and

avoid credibility determinations and weighing of the evidence.  Reeves v. Sanderson Plumbing

Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000).  In so doing, the Court

must disregard all evidence favorable to the moving party that the jury is not required to believe.

Reeves, 120 S.Ct. at 2110.

It is undisputed that Columbus McKinnon was not involved in the manufacture or sale of

either the chain sling or the plate hooks.  Instead, Columbus McKinnon is connected to this case only

through its manufacture and sale of the hoist to which the chain sling and plate hooks were attached. During his deposition testimony, Patrick conceded that the hoist did not malfunction. Rather, it worked exactly as it was intended, raising the chains when he pressed the "Up" button on the hoist controls. The bulk of Patrick's claims[1] turn on alleged defects in the chain sling and attached plate hooks, which were not produced by Columbus McKinnon and were attached to the hoist apparently by personnel at the factory. Consequently, Patrick's only viable claim against Columbus McKinnon is that it should have provided warnings about attaching plate hooks or similar items to the hoist.

Claims for defective design and failure to warn are governed under Miss. Code Ann § 11-1-63, which states in relevant part:

> (a) The manufacturer or seller of the product shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller:
>
> (i)      2. The product was defective because it failed to contain adequate warnings or instructions, or
>
> 3. The product was designed in a defective manner, or
>
> (b) A product is not defective in design or formulation if the harm for which the claimant seeks to recover compensatory damages was caused by an inherent characteristic of the product which is a generic aspect of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability and which is recognized by the ordinary person with the ordinary knowledge common to the community.
>
> (c)      (i) In any action alleging that a product is defective because it failed to contain adequate warnings or instructions pursuant to paragraph

---

[1]Patrick also raises claims against "the Defendants" for breach of the implied warranties of merchantability, fitness and good and workmanlike performance. Since it is undisputed that the hoist functioned properly and as expected and the accident was actually caused by the function of the plate hooks, the Court concludes that those claims do not applicable to Columbus McKinnon.

(a)(i)2 of this section, the manufacturer or seller shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller, the manufacturer or seller knew or in light of reasonably available knowledge should have known about the danger that caused the damage for which recovery is sought and that the ordinary user or consumer would not realize its dangerous condition.

(ii) An adequate product warning or instruction is one that a reasonably prudent person in the same or similar circumstances would have provided with respect to the danger and that communicates sufficient information on the dangers and safe use of the product, taking into account the characteristics of, and the ordinary knowledge common to an ordinary consumer who purchases the product; or in the case of a prescription drug, medical device or other product that is intended to be used only under the supervision of a physician or other licensed professional person, taking into account the characteristics of, and the ordinary knowledge common to, a physician or other licensed professional who prescribes the drug, device or other product.

(d) In any action alleging that a product is defective pursuant to paragraph (a) of this section, the manufacturer or seller shall not be liable if the claimant (i) had knowledge of a condition of the product that was inconsistent with his safety; (ii) appreciated the danger in the condition; and (iii) deliberately and voluntarily chose to expose himself to the danger in such a manner to register assent on the continuance of the dangerous condition.

(e) In any action alleging that a product is defective pursuant to paragraph (a)(i)2 of this section, the manufacturer or seller shall not be liable if the danger posed by the product is known or is open and obvious to the user or consumer of the product, or should have been known or open and obvious to the user or consumer of the product, taking into account the characteristics of, and the ordinary knowledge common to, the persons who ordinarily use or consume the product.

(f) In any action alleging that a product is defective because of its design pursuant to paragraph (a)(i)3 of this section, the manufacturer or product seller shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller:

(i) The manufacturer or seller knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the danger that caused the damage for which recovery

is sought; and

(ii) The product failed to function as expected and there existed a feasible design alternative that would have to a reasonable probability prevented the harm. A feasible design alternative is a design that would have to a reasonable probability prevented the harm without impairing the utility, usefulness, practicality or desirability of the product to users or consumers.

Miss. Code Ann. § 11-1-63.

Columbus McKinnon argues that under § 11-1-63(d)(i-iii), Patrick's claims must fail as a matter of law because Patrick concedes that he knew that the plate hooks had the potential to snag the beam and overturn it and that he deliberately and voluntarily exposed himself to the risk by ineffectively brushing the plate hooks away without actually checking to see if they were clear before he activated the hoist.[2]

Columbus McKinnon also argues that it cannot be held liable for failure to warn under § 11-1-63(c)(I) and § 11-1-63(e) because the potential danger of the plate hooks snagging the beam was open and obvious (and in fact was understood by Patrick because he did attempt to move the plate hooks away from the beam, albeit ineffectually). Finally, Columbus McKinnon argues that under § 11-1-63(f)(ii), Patrick's design defect claim fails as a matter of law because he concedes that the hoist functioned exactly as he expected and that only the plate hooks did not function according to his expectations. Since Columbus McKinnon was not responsible for the manufacture of the plate hooks, the corporation argues that it cannot be held liable for any design defect of the plate hooks.

Somewhat strangely, in his response brief, Patrick does not actually answer any of Columbus McKinnon's arguments at all, nor does he object or challenge any of Columbus McKinnon's

---

[2]Actually, Patrick indicated that he had cleared everything that he could see, but he admitted that he could not see over the beam to make certain the plate hooks were clear.

statements of fact or conclusions of law. In fact, his sole argument against summary judgment is that

there are disputed issues of fact arising from Columbus McKinnon's refusal to answer two questions

during its 30(b)(6) depositions. In its reply, Columbus McKinnon states that it declined to answer

the two questions at issue because they were beyond the scope of discovery, a position supported by

the magistrate judge who, in an order dated July 25, 2005, denied Patrick's motion to compel

discovery on those two precise questions. The magistrate denied the motion initially because it was

unaccompanied by either a Good Faith Certificate or a Memorandum of Authorities as was required

by the local rules.[3] The magistrate went on to say that she would also deny the motion on its merits.

She held that one question was indeed outside the scope of discovery and that the other question was

not only at least arguably outside the scope of discovery, it had actually been answered by the

deponent with a response unfavorable to the plaintiff. In light of the magistrate's ruling, the Court

perceives no basis for holding that disputed issues of fact arise from Columbus McKinnon's alleged

failure to comply with discovery, since there was in fact no such failure.

## CONCLUSION

As the foregoing analysis shows, the plaintiff has failed to identify any disputed issue of fact

capable of precluding summary judgment on all claims against Columbus McKinnon. It is

undisputed that the hoist produced by Columbus McKinnon functioned as it was supposed to. It is

undisputed that Patrick had actual knowledge of the potential danger of operating the hoist while

plate hooks attached to it were dangerously near a heavy beam and that Patrick activated the hoist

_____

[3]The magistrate also took a dim view of the fact that the plaintiff waited more than six
months after the 30(b)(6) deposition to file his motion to compel. The Court notes that said
motion was not filed until well *after* Columbus McKinnon filed its reply in support of its
summary judgment motion, in which the defendant pointed out Patrick's prior failure to seek a
motion to compel answer to these supposedly vital questions.

anyway without making certain that the plate hooks were clear. These undisputed facts are fatal to

Patrick's claims against this defendant. Accordingly, summary judgment is GRANTED. A separate

order to that effect shall issue this day.

This is the 1st day of March, 2006.


                          **/s/ Michael P. Mills**
                          **UNITED STATES DISTRICT JUDGE**